# EXHIBIT 1

David G. Bray (# 014346)
david.bray@mwmf.com
Timothy J. Thomason (#009869)
tim.thomason@mwmf.com
David N. Ferrucci
david.ferrucci@mwmf.com
**MARISCAL, WEEKS, MCINTYRE**
   **& FRIEDLANDER, P.A.**
2901 North Central Avenue, Suite 200
Phoenix, Arizona 85012-2705
Phone: (602) 285-5000
Fax: (602) 285-5100

*Attorneys for defendant*
*DNP International, Co., Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| ThermoLife International, LLC, an Arizona limited liability company,<br><br>            Plaintiff,<br>   v.<br><br>DNP International, Co., Inc., a California corporation,<br><br>            Defendant. | Case No. _____<br><br>**AFFIDAVIT OF TIMOTHY J. MARTIN** |

STATE OF CALIFORNIA    )
                       ) SS
LOS ANGELES COUNTY     )

Timothy J. Martin, being first duly sworn on oath states as follows:

1. I am Senior Counsel at the law firm of Margolis & Tisman LLP located in Los Angeles, California.

2. I am one of the attorneys retained by the defendant DNP International, Co., Inc. ("DNP" or "Defendant") to assist it and Arizona counsel, Mariscal, Weeks, McIntyre & Friedlander, P.A., in defending the claims brought by the plaintiff ThermoLife International, LLC ("ThermoLife" or "Plaintiff") in this action.

-1-

3. DNP is a California corporation with its principle place of business at 12802 Leffingwell Avenue, Building E, Santa Fe Springs, California 90670.

4. On August 31, 2012, one of the Plaintiff's lawyers, Gregory B. Collins, sent an e-mail correspondence in which Plaintiff claimed, among other things, lost profits in the amount of $ 143,148 with respect to a portion of its claims under the "Contract" as that term is defined in ¶ 6 of the complaint. Attached hereto as <u>Exhibit A</u> is a true and correct copy of the August 31, 2012 e-mail correspondence.

5. One of the responsibilities I was charged with regard to representing the Defendant in this matter was to ascertain the citizenship of plaintiff in support of removal based on diversity jurisdiction under 28 U.S.C. § 1332. My research demonstrated that because the plaintiff ThermoLife International, LLC is a limited liability company, it has the citizenship of its owners and members for the purposes of diversity jurisdiction.

6. I conducted a review of the Arizona Corporation Commission website and according to the public information available, plaintiff ThermoLife has one member, Ronald L. Kramer, and that Mr. Kramer can be contacted at 1334 East Chandler Boulevard, $5 - D76, Phoenix, Arizona 85048. It thus appears that Mr. Kramer is a citizen of Arizona for the purposes of diversity jurisdiction and therefore, the citizenship of plaintiff ThermoLife is also Arizona. Attached hereto as <u>Exhibit B</u> is a true and correct copy of the printout of the Corporate Inquiry from the Arizona Corporation Commission for ThermoLife and its April 15, 2012 Limited Liability Company Statement of Address Change on file, which support the same.

7.   This Affidavit is made in support of Defendants' Notice of Removal to the United States District Court for the District of Arizona.

Dated this 4th day of October, 2012.

_____
Timothy J. Martin
California State Bar No. 150304

Subscribed and sworn to before me this 4th day of October, 2012.

_____
Notary Public, State of California

My Commission Expires:

_____

U:\ATTORNEYS\Dgb\DNP International\District Court Pleadings\Timothy Martin Affidavit (removal).doc

## CALIFORNIA JURAT WITH AFFIANT STATEMENT

☒ See Attached Document (Notary to cross out lines 1–6 below)
☐ See Statement Below (Lines 1–5 to be completed only by document signer[s], *not* Notary)

_____   _____
Signature of Document Signer No. 1    Signature of Document Signer No. 2 (if any)

State of California
County of Los Angeles

Subscribed and sworn to (or affirmed) before me on this 4th day of October, 2012, by

(1) Timothy J. Martin
    Name of Signer

proved to me on the basis of satisfactory evidence to be the person who appeared before me (.) (,)

(and

(2) _____
    Name of Signer

proved to me on the basis of satisfactory evidence to be the person who appeared before me.)

Signature _Lesley M Hall_
          Signature of Notary Public

LESLEY M. HALL
Commission # 1879753
Notary Public - California
Los Angeles County
My Comm. Expires Feb 16, 2014

Place Notary Seal Above

———————— **OPTIONAL** ————————

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

**Further Description of Any Attached Document**

Title or Type of Document: _____

Document Date: _____ Number of Pages: _____

Signer(s) Other Than Named Above: _____

| RIGHT THUMBPRINT OF SIGNER #1 | RIGHT THUMBPRINT OF SIGNER #2 |
|---|---|
| Top of thumb here | Top of thumb here |

©2007 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402 • www.NationalNotary.org   Item #5910   Reorder: Call Toll-Free 1-800-876-6827

**EXHIBIT A**

**From:** Gregory Collins [mailto:gbc@kflawaz.com]
**Sent:** Friday, August 31, 2012 11:09 AM
**To:** Gregory Collins; Timothy J. Martin; Mike Margolis
**Cc:** Brandi Bies
**Subject:** RE: DNP/ThermoLife

Tim and Mike,

I have conferred with my client and ThermoLife only needs 6 batches from China air shipped. Further the lost profit on the sale identified below is $143,148. Finally, the discount that was offered and now demanded was $.30 (not $.40 a kilo).

Accordingly, ThermoLife proposes the following:

-- ThermoLife will purchase the conforming product identified above at a discount **of .30 per kg**. (Apparently, your client already offered this).
-- DNP must ship all of the conforming goods immediately and **6 batchs** of the product must be shipped by air at DNP's cost. (This takes into consideration that the delay here is wholly the fault of DNP and DNP must do everything within its power to speed up delivery of the product that is immediately needed)
-- ThermoLife will pay the total amount due for the conforming product identified above minus **$143,148** to compensate ThermoLife for the lost sale identified above. These monies will be paid into my trust account and held there until the product is delivered, timely arrives and is inspected.
-- Going forward, all payment will be made 30 days after the product is delivered.

Please let me know how your client wants to proceed. If we can get the money in my trust account and get the product in the air and shipped under the terms proposed below, perhaps that will build some trust between our clients and allow us to move forward on defining the relationship going forward.

In considering this offer, you should also make your client aware that this product is patented in the United States and cannot be sold in the United States without ThermoLife's express authorization. Further, your client is already liable for the lost sales it has caused. With these issues fully considered, ThermoLife considers this offer more than fair.

1

My client needs an answer by 5pm **TODAY**.   I've said that before, but with a three day weekend almost here, ThermoLife must know now how to proceed here.

Best Regards,

Gregory B. Collins
Member
Kercsmar & Feltus PLLC
6263 N. Scottsdale Road
Suite 320 (South Lobby)
Scottsdale, Arizona 85250
480.990.6214 (direct)
480.421.1001 (main)
480.421.1002 (facsimile)
gbc@kflawaz.com
www.kflawaz.com
www.businesslawaz.com



The information contained in this electronic mail message is confidential information intended only for the use of the individual or entity named above, and may be privileged. If the reader of this message is not the intended recipient or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone (480.421.1001), and delete the original message. Thank you.

---

**From:** Gregory Collins
**Sent:** Thursday, August 30, 2012 10:04 PM
**To:** Timothy J. Martin; Mike Margolis
**Cc:** Brandi Bies
**Subject:** DNP/ThermoLife


Tim and Mike,

It was good speaking with you this evening.

On behalf of your client DNP, you conveyed that DNP now has 2.5 batches of conforming goods in LA. It also has another 19 batches of conforming goods in China and 2 batches of almost conforming goods in China. You expressed that your client has concerns about payment if it ships the product. On behalf of DNP you conveyed DNP's demand that my client tender the amount due for any product it shipped prior to shipment. You suggested that these monies could be held in my trust account until the the product arrived and was inspected. In addition you indicated that DNP would ship this products upon confirmation of payment and the product would likely take three weeks to arrive in LA.

I discussed these issue with my client, ThermoLIfe, As part of any resolution of this dispute, DNP needs to make ThermoLife whole for the loss that DNP has already caused to ThermoLife's business.  DNP has already failed to make delivery on a shipment of 18,350 kilos of the product. This complete failure to deliver goods has resulted in roughly $150,000 loss for ThermoLife (TO BE CONFIRMED BY MY CLIENT). Any resolution of this dispute must take into consideration DNP's culpability here.  DNP promised delivery of conforming goods and wholly failed to deliver on that

2

promise. DNP is liable for this loss. I understand why DNP wants to address its culpability here at a later time, but my client is unwilling to consider a resolution of this dispute that does not involve compensation for past loss.

With this in mind, ThermoLife proposes the following:

-- ThermoLife will purchase the conforming product identified above at a discount of .40 per kg. (Apparently, your client already offered this).
-- DNP must ship all of the conforming goods immediately and half of the product must be shipped by air at DNP's cost. (This takes into consideration that the delay here is wholly the fault of DNP and DNP must do everything within its power to speed up delivery of the product that is immediately needed)
-- ThermoLife will pay the total amount due for the conforming product identified above minus $150,000 (TO BE CONFIRMED BY MY CLIENT) to compensate ThermoLife for the lost sale identified above. These monies will be paid into my trust account and held there until the product is delivered, timely arrives and is inspected.

My client will review this email and confirm that these terms are acceptable, but this is the framework for any resolution of this proceeding. Until I receive confirmation for my client, this is only the framework for a potential deal. I share it now in order for you to confer with your client on these issues.

In addition to the 21 batches DNP has produced, ThermoLife currently has a need for 40 more batches of the product. Accordingly, ThermoLife believes that if these issues can be worked through this can be a profitable relationship for both parties. Going forward, any payment will need to be made 30 days after shipment. This is the standard practice in the industry. Further, I'm informed that my client's prior deal with your client involved three separate shipments of product. Your client was paid 30 days after the delivery of each time. (A deduction was made on this deal because your client failed to timely deliver the product.) Moreover, when this contract was negotiated all parties orally agreed payment was due 30 days after delivery, which is not surprising since this is standard practice in the industry.

Please let me know if the terms above provide the framework for a workable deal here. I look forward to hearing from you.

Best Regards,
Greg Collins
(excuse the typos, I'm typing on an ipad keyboard)


Sent from my iPad

On Aug 29, 2012, at 11:53 AM, "Gregory Collins" <gbc@kflawaz.com> wrote:

Tim,

Thank you for your email.

My letter set a quick turn-around deadline because my client needs to know how to proceed here with his customer. I look forward to hearing from you promptly regarding these issues. If you would like to discuss this matter, please give me a call.

I look forward to hearing from you.

Best Regards,

Gregory B. Collins

3

Member
Kercsmar & Feltus PLLC
6263 N. Scottsdale Road
Suite 320 (South Lobby)
Scottsdale, Arizona 85250
480.990.6214 (direct)
480.421.1001 (main)
480.421.1002 (facsimile)
gbc@kflawaz.com
www.kflawaz.com
www.businesslawaz.com

<image001.jpg>

The information contained in this electronic mail message is confidential information intended only for the use of the individual or entity named above, and may be privileged. If the reader of this message is not the intended recipient or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone (480.421.1001), and delete the original message. Thank you.

---

**From:** Timothy J. Martin [mailto:tmartin@winlaw.com]
**Sent:** Wednesday, August 29, 2012 8:24 AM
**To:** Gregory Collins
**Cc:** Mike Margolis; Christi Styles
**Subject:** DNP/ThermoLife | August 28, 2012 Letter

Dear Mr. Collins:

Your letter to DNP International dated August 28, 2012 has been referred to us. We will investigate and respond in due course. Please direct any further communications to us.

4

# EXHIBIT B

Arizona Corporation Commission

10/04/2012                 State of Arizona Public Access System                    11:00 AM

## Jump To...

Scanned Documents     Microfilm

### Corporate Inquiry

| File Number: L-1058684-3     LATEST DATE TO DISSOLVE 12/31/2070 | Check Corporate Status |
|---|---|
| Corp. Name: THERMOLIFE INTERNATIONAL, LLC | |

### Domestic Address

| 1334 E CHANDLER BLVD |
|---|
| #5 - D76 |
| PHOENIX, AZ  85048 |

### Statutory Agent Information

| Agent Name:  RONALD L KRAMER |
|---|
| |
| Agent Mailing/Physical Address: |
| 1334 E CHANDLER BLVD |
| #5 - D76 |
| PHOENIX, AZ  85048 |
| |
| Agent Status: APPOINTED 12/31/2002 |
| Agent Last Updated: 05/08/2012 |

### Additional Corporate Information

| Corporation Type: DOMESTIC L.L.C. | Business Type: |
|---|---|
| Incorporation Date:  12/31/2002 | Corporate Life Period: |
| Domicile: ARIZONA | County: MARICOPA |
| Approval Date:  12/31/2002 | Original Publish Date:  02/26/2003 |
| Status: LATEST DATE TO DISSOLVE | Dissolution/Withdrawal Date: 12/31/2070 |

### Manager/Member Information

| RONALD  L  KRAMER<br>MEMBER | |
|---|---|

```
1334 E CHANDLER BLVD
#5 - D76
PHOENIX,AZ  85048
Date of Taking Office: 12/31/2002
Last Updated: 05/08/2012
```

## Scanned Documents

(Click on gray button to view document - will open in a new window)

| Document Number | Description | Date Received |
|---|---|---|
| 03853100 | CHANGE(S) | 04/05/2012 |

Back To Top

## Microfilm

| Location | Date Received | Description |
|---|---|---|
| 11565005039 | 12/31/2002 | ARTICLES OF ORGANIZATION |
| 20316006003 | 02/26/2003 | PUBLICATION OF ARTICLES OF ORGANIZATION |
| 11724005003 | 03/10/2005 | SUMMONS |
| 11940002004 | 07/11/2012 | LEGAL DOCUMENT |

Back To Top

- **Corporate Name Search Instructions**
- **General Web Site Usage Instructions**
- **STARPAS Main Menu**
- **A.C.C. Corporations Division Main Page**
- **Arizona Corporation Commission Home Page**

**RECEIVED**
APR 0 5 2012
ARIZONA CORP COMMISSION
CORPORATIONS DIVISION

**LIMITED LIABILITY COMPANY STATEMENT OF ADDRESS CHANGE / STATEMENT OF STATUTORY AGENT CH.**
Pursuant to A.R.S. §§ 29-606 and 29-605.01


AZ Corp. Commission
03653100

FILING FEE $5.00 (A.R.S. § 29-851)
(Cash is accepted for in-person filings only. Do not send cash in the mail.)

**THIS FORM IS NOT TO BE USED FOR ADDING MEMBERS – IF ADDING MEMBERS PLEASE USE THE AMENDMENT FORM**

It is important that the information you provide on this form be correct. To obtain the correct information about the Limited Liability Company's current known place of business and statutory agent, consult the Customer Service Call Center at (602) 542-3026 or the Division's website at www.azcc.gov/divisions/corporations.

1. The exact name of the Limited Liability Company (LLC) currently on file with the Arizona Corporation Commission (ACC) is:

   Thermolife International, LLC

2. The ACC file number is: L-10581643

3. The current address of the LLC's known place of business on file with the ACC is:

   3941 E Chandler Blvd
   #106-212
   Phoenix, AZ 85048

4. The name and street address* of the current statutory agent on file with the ACC are:

   Ronald Kramer
   3941 E Chandler Blvd
   #106-212 Phx AZ 85048

5. If the LLC was not organized in Arizona, the address of the office required to be maintained in the state of its organization or, if not so required, of the principal office of the foreign LLC is:

   _____
   _____
   _____

6. Is the known place of business in Arizona to be changed?
   ☐ No   ☒ Yes and the address of the new place of business is:

   1334 E Chandler Blvd
   #5-D76
   Phoenix, AZ

   *street address must be a physical address. P.O. Box addresses and personal mail boxes (PMB) will not be accepted.

LL0008
Rev. 10/2007

Page 1 of 3

Arizona Corporation Commission
Corporations Division

LLC Name: Thornridge International LLC   ACC File Number: L10581n843

7. Is the street address of the current statutory agent to be changed?
   ☐ No.   ☒ Yes, the new street address* of the current statutory agent is:

   1334 E. Chandler Blvd.
   #5- D746 Phoenix, AZ 85048

8. Is a new statutory agent to be appointed?
   ☒ No.   ☐ Yes. If you checked "yes", you must complete the following information and the new statutory agent must accept his/her appointment (below).

The new statutory agent is: _____

New street address* of the statutory agent is: _____

---

**Acceptance of Appointment
By Statutory Agent**

The undersigned hereby acknowledges and accepts the appointment as statutory agent of the above-named limited liability company effective this _____ day of _____, _____.

Signature: _____

Printed Name: _____   Title: _____

If signing on behalf of a company, please print the company name here.

---

9. Is the address of one or more of the LLC's members or managers to be changed?
   ☐ No.   ☐ Yes. If you checked "yes", you must complete the following information for each member or manager whose address is to be changed:

Name: Ronald L Kramer, (Member or Manager) (circle one)

Current Address: 1334 E. Chandler Blvd #106-212 Phoenix, AZ 85048

New Address: 1334 E. Chandler Blvd #5- D746 Phoenix, AZ 85048

LL:0008
Rev. 10/2007

Page 2 of 3

Arizona Corporation Commission
Corporations Division

LLC Name: Thesyndicate International LLC    ACC File Number: L 10581o843

Name: _____    Member or Manager
                                         (circle one)
Current Address: _____    New Address: _____

_____    _____

Name: _____    Member or Manager
                                         (circle one)
Current Address: _____    New Address: _____

_____    _____

Name: _____    Member or Manager
                                         (circle one)
Current Address: _____    New Address: _____

_____    _____

*street address must be a physical address. P.O. Box addresses and personal mail boxes (PMB) will not be accepted.

| Changes to the statutory agent address must be executed by the statutory agent. | A.R.S §§29-605 and 29-606.01 requires that changes to limited liability companies (except for changes to the statutory agent's address) be executed by a member/manager of the LLC. |
|---|---|
| Dated this 2 day of April, 2012 | Dated this 2 day of April, 2012 |
| Signature: _____ | Signature: _____ |
| Printed Name: Ron Kramer | Printed Name: Ron Kramer |
| If signing on behalf of a company, please print the company name here. | Title: President |

This form must be delivered to:

ARIZONA CORPORATION COMMISSION
Corporations Division
1300 West Washington
Phoenix, Arizona 85007-2929

LL:0005
Rev. 10/2007

Page 3 of 3

Arizona Corporation Commission
Corporations Division